UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:95-cr-0148 (L/F) |
| | ) | |
| WILLIAM SHOLAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable William T. Lawrence, Judge, on April 4, 2011 and June 15, 2011, designating this Magistrate Judge to conduct a hearing on the Petitions for Summons or Warrant for Offender Under Supervision filed with the Court on April 1, 2011 and June 13, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

Proceedings were held on April 21, 2011 and June 30, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] At the proceedings on April 21, 2010, Mr. Scholar appeared in person with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Steve Debrota, Assistant United States Attorney. U. S.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Subsection 3401(e).

Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mr. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Sholar in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Sholar and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Sholar was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Sholar was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sholar was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Sholar had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation.

7. Mr. Dazey stated that Mr. Sholar would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Scholar executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Sholar, by counsel, stipulated that he committed the specified violations 1, 2 and 3, with the exception of specified violations 4 and 5. The violations admitted to as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

As previously reported to the Court, on May 4, and October 17, 2009, the offender submitted urine samples which tested positive for marijuana. The defendant readily admitted using the substance.

On March 15 and 16, 2011, Mr. Sholar submitted urine samples which tested positive for marijuana. He admitted using the substance.

The Court placed Mr. Sholar under oath and directly inquired of him whether he admitted the violations of the specifications of his supervised release set forth above. Mr. Sholar stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

9. The proceedings were then adjourned pending disposition, which proceedings were set at a later date.

On June 13, 2011, a Petition for Warrant or Summons for Offender Under Supervision was filed in this cause.

On June 30, 2011, the following proceedings were held:

1. The defendant appeared in person and with his court-appointed counsel, Bill Dazey; the government appeared by Barry Glickman, Assistant United States Attorney; and U. S. Parole and Probation appeared by Jason Phillips.

2. A copy of the June 13, 2011 Petition for Revocation of Supervised Release was provided to Mr. Sholar and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Sholar was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Sholar was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sholar was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Sholar was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Sholar had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation on June 15, 2011.

7. Mr. Sholar stated his readiness to waive the preliminary hearing regarding the June 13, 2011 Petition under consideration. Mr. Sholar then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Dazey stated that William Sholar would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition.

(1) Mr. Sholar and the government agreed they were ready to proceed to disposition on the pending Petitions to REVOKE Mr. Sholar's supervised release in open Court this date.

(2) Mr. Sholar admitted that he committed the violations of specifications set forth in the Petition to Revoke Supervised Release, filed with the Court on June 13, 2011 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance.** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |

As previously reported to the Court, on May 4, and October 27, 2009, the offender submitted urine samples which tested positive for marijuana. The defendant readily admitted using the substance.

As previously reported to the Court, on March 15 and 16, 2011, Mr. Sholar submitted urine samples which tested positive for marijuana. He admitted using the substance.

On May 29, and June 3, 2011, the offender submitted urine sample which tested positive for marijuana. He admitted using the substance.

| | |
|---|---|
| 4 | **"The defendant shall not commit another federal, state, or local crime."** |
| 5 | **"The defendant shall not illegally possess a controlled substance."** |

As previously reported to the Court, on August 7, 2010, Mr. Sholar was cited for Driving While Suspended.

As previously reported to the Court, on March 11, 2011, the offender was arrested by the Indianapolis Metropolitan Police Department (IMPD) and charged with possess of marijuana and driving while license suspended (case no. 49F19-1103-CM-017034). According to the police report, a traffic stop was initiated on Mr. Sholar after disregarding a traffic signal. The officer could smell the odor of burnt marijuana and asked Mr. Sholar if he smoked marijuana, to which he replied "yes." The officer then asked if the offender had any marijuana in the vehicle, and Mr. Sholar replied "yes, it's in the center of the rear seats." The offender was released on bond and is pending trial. His next court hearing is scheduled for April 6, 2011. He notified the probation officer on March 15, 2011, of the arrest.

(3) Mr. Sholar has a relevant criminal history category of VI. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Sholar constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Sholar 8-14 months.

(6) The parties agree that the appropriate disposition of the case would be revocation of Mr. Sholar's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 8 months. Further, upon release from confinement, Mr. Sholar will be subject to supervised release for one year.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

7. The Court then placed Mr. Sholar under oath and inquired directly of him whether he admitted committing violations of supervised release contained in the Petitions. Mr. Sholar admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions in both Petitions.

Mr. Sholar's supervised released is therefore **REVOKED** and William Sholar is sentenced to the custody of the Attorney General or his designee for a period of 8 months. After service of his sentence, the defendant shall be subject to one year of supervised release. It is recommended that Mr. Sholar service his sentence at the nearest federal correctional institution to Indianapolis, Indiana.

Counsel for the parties and Mr. Sholar stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b) of the *Federal Rules of Civil Procedure* and S.D.Ind.L.R. 72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

The Magistrate Judge requests that Mr. Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Sholar's supervised release.

**IT IS SO RECOMMENDED** this 1st day of July, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Steve DeBrota,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
One Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal