UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:95-cr-148-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILLIAM SHOLAR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:95-cr-00148-TWP-TAB |
| | ) |
| WILLIAM SHOLAR, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Pending before the Court is Defendant William Sholar's ("Mr. Sholar") *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), (Dkt. 71). Mr. Sholar seeks immediate release so that he can care for his mother. *Id.* at 2. Because Mr. Sholar has not shown extraordinary and compelling reasons for a sentence reduction, his motion must be **denied.**

**I.  BACKGROUND**

Mr. Sholar was originally sentenced on June 20, 1996 to 180 months imprisonment and a three year term of supervised release for being a felon in possession of a firearm. Supervision was revoked on July 8, 2011 and Mr. Sholar was sentenced to 8 months' imprisonment and 1 year supervised release. (Dkts. 20, 21.)  Supervision resumed on April 12, 2012.  In November 2012, Mr. Sholar was charged in the Marion Superior Court with Burglary, Robbery, Criminal Confinement, Possession of Firearm by Serious Violent Felon, Battery, Carrying a Handgun without a License, and Use of a Firearm (Cause No. 49G05-1211-FA-079803) (*see* Dkt. 23). On August 20, 2019, the Court revoked Mr. Sholar's supervised release and sentenced him to 36

months' imprisonment, to be served consecutive to his state court sentence in Cause No. 49G05-1211-FA-079803. (Dkts. 52, 55.) Judgment was entered on August 23, 2019. (Dkt. 55.)

On September 16, 2020, Mr. Sholar filed a *pro se* motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 69.) The Court concluded that the motion did not, on its face, show that Mr. Sholar was entitled to compassionate release and denied the motion without prejudice. (Dkt. 70.) The Court informed Mr. Sholar that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.* On September 30, 2020, Mr. Sholar submitted a renewed motion by completing and returning the Court's form compassionate release motion. (Dkt. 71.) That motion is currently pending before the Court.[1]

## II. DISCUSSION

Mr. Sholar has completed his state court sentence and he is now incarcerated at the Federal Correctional Institution in Terre Haute, Indiana.[2] In his renewed motion, he states that he seeks immediate release because his mother has a serious medical condition that substantially diminishes her ability to provide self-care. (Dkt. 71 at 2.) He explains that his mother is 80 years old and needs him because her health has deteriorated. *Id.* at 4. He states that he wants to be with his mother during her last days and that he wants to be released to a halfway house or supervised release so that he can be closer to his mother. *Id.*[3]

---

[1] The Court concludes that it does not require a response brief from the Government to decide the issues presented by Mr. Sholar's motion.

[2] At the time Mr. Sholar filed his renewed motion, he was incarcerated at the Marion County Jail. (*See* Dkt. 71.) Since that time, he has been transferred to the custody of the Bureau of Prisons ("BOP"), and the BOP website shows that he is currently incarcerated at FCI Terre Haute.

[3] Mr. Sholar also checked a box stating that he meets "*all* of the following criteria": (1) he is 70 years or older; (2) he has served 30 years or more of imprisonment pursuant to a life sentence imposed under 18 U.S.C. § 3559(c) for the offense(s) for which he is imprisoned; and (3) he has been determined by the Director of the BOP not to be a danger to the safety of any other person or the community. (Dkt. 71 at 2.) The Court assumes that this was an error because

3

18 U.S.C. § 3582(c) provides in relevant part:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[4] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

   **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for

---

Mr. Sholar is not serving a life sentence under § 3559(c), and the BOP website and the Court's records show that Mr. Sholar is 54 years old. (*See* Dkt. 56.) Thus, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(ii).

[4] In his renewed motion, Mr. Sholar admits that he has not submitted a request for sentence reduction to the warden of his facility because, at the time he filed the renewed motion, he was not in BOP custody. (Dkt. 71 at 3.) It is possible that he has since made a request for administrative relief after being transferred to BOP custody. The Court need not resolve that issue, however, because the face of his motion shows that he is not entitled to relief. Thus, the Court will proceed on the merits.

4

compassionate release,[5] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Sholar is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnosis or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the

---

[5] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

only available caregiver for the spouse or registered partner).  U.S.S.G. § 1B1.13, Application Note 1(A)–(C).  Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[6] *Id.*, Application Note 1(D).

Mr. Sholar does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him.  Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not.  Mr. Sholar has not claimed, let alone submitted evidence demonstrating, that he is the only person who is available to care for his mother.  Many inmates have aging and sick parents whom they might like to support.  As a result, multiple courts have held that the desire to care for an elderly parent is not an extraordinary and compelling reason warranting a sentence reduction.  *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-1, dkt. 33 (S.D. Ind. Aug. 12, 2020) (collecting cases); *United States v. Crandle*, 2020

---

[6] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Sentencing Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Sholar's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (collecting cases); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). While the Court empathizes with Mr. Sholar's desire to care for his ailing mother, that consideration alone does not represent an extraordinary and compelling reason warranting release.

Given the Court's determination that Mr. Sholar has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III. CONCLUSION

For the reasons stated above, Mr. Sholar's Motion for Compassionate Release, Dkt. [71], is **DENIED**.

**SO ORDERED.**

Date: 10/7/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Sholar, Reg. No. 05141-028
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 33
Terre Haute, Indiana 47808

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov